IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | ) Case No. 17-12560 (BLS) <br> ) (Jointly Administered) |
| Debtors. | ) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | ) Adversary Case No. 19-50308 (BLS) <br> ) **<u>JURY TRIAL DEMAND</u>** |
| Plaintiff, | ) |
| vs. | ) |
| SYLVAN R. JUTTE; JEANNETTE E. JUTTE, | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND
RECOVERY OF PREFERENTIAL AND FRAUDULENT
TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 & 550**

Sylvan R. Jutte and Jeannette E. Jutte (hereafter referred to simply as "Defendants") file this answer (the "Answer") to the *Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 & 550 [Adv. Docket No. 1]* (the "Complaint")[1] filed by Michael Goldberg (the "Plaintiff"), as the Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of the Woodbridge Group of Companies (the "Debtors") in the above-captioned adversary proceeding, and allege as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

1

## WITH RESPECT TO NATURE OF THE ACTION

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

## WITH RESPECT TO PARTIES

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

## WITH RESPECT TO JURISDICTION AND VENUE

4. Subject to the limitations set forth in Paragraphs 5 to 8 below in this Answer, Defendants admit that this adversary proceeding arises in and relates to the above-captioned chapter 11 cases pending before the Bankruptcy Court and that the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

5. With respect to Plaintiff's allegations in paragraph 5 of the Complaint about this matter being core, and the entry of final orders, the Defendants state through their undersigned counsel, pursuant to Local Bankruptcy Rule 7008-1, that they do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and the Defendants' expressly reserve and assert their right to a jury trial under the Seventh Amendment of the United States Constitution.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Defendants do <u>not</u> consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and the Defendants' expressly reserve and assert their right to a jury trial under the Seventh Amendment of the United States Constitution.

7. Subject to the limitations set forth in Paragraphs 5 to 8 in this Answer, Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1408 and § 1409(a).

8. Subject to the limitations set forth in Paragraphs 5 to 8 in this Answer, Defendants admit that this adversary proceeding was commenced pursuant to Rule 7001(a) of the Bankruptcy Rules and sections 544, 547, 548 and 550 of the Bankruptcy Code.

## **WITH RESPECT TO CASE BACKGROUND**

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

## **WITH RESPECT TO FACTS ASSERTED BY THE PLAINTIFF**

11. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 11 of the Complaint, and thus, generally and specifically deny the allegations therein.

12. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 12 of the Complaint, and thus, generally and specifically deny the allegations therein.

13. Defendants lack sufficient knowledge as to the truth of the matters set forth in paragraph 13 of the Complaint, and thus, generally and specifically deny the allegations therein.

14. Defendants lack sufficient knowledge as to the truth of the matters set forth in Paragraph 14 of the Complaint, and thus, generally and specifically deny the allegations therein.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that during the 90 day period prior to the Petition Date, the Debtors made the Ninety Day Transfers to them. With respect to the balance of the allegations set forth in Paragraph 16 of the Complaint, Defendants submit that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically deny any and all allegations related thereto.

17. Defendants admit that Plaintiff acknowledges in paragraph 17 of the Complaint that some of the Ninety Day Transfers may be subject in whole or in part to defenses under 11 U.S.C. § 547(c), upon which Defendant bears the burden of proof under 11 U.S.C. § 547(c).

18. Defendants admit that during the four years prior to the Petition Date, the Debtors made transfers (the "Four Year Transfers") set forth in Paragraph 18 of the Complaint. With respect to the balance of the allegations set forth in Paragraph 18 of the Complaint, Defendants submit that the underlying documents used by Plaintiff to create Exhibit "B" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

19. Defendants lack sufficient knowledge as to the truth of the matters set forth in Paragraph 19 of the Complaint, and thus, generally and specifically deny the allegations therein.

## WITH RESPECT TO FIRST CLAIM FOR RELIEF
(For Avoidance of Preferential Transfers – 11 U.S.C. § 547)

20. The allegations contained in paragraph 20 of the Complaint re-allege the allegations set forth in Paragraphs 1 through 19 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendants repeat and re-allege their responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

21. Defendants admit that they received the Ninety Day Transfers from the identified Debtors. Defendants deny the balance of allegations set forth in Paragraph 21 of the Complaint, and submit that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically deny any and all allegations related thereto.

22. Defendants lack sufficient knowledge as to the truth of the matters set forth in Paragraph 22 of the Complaint, and thus, generally and specifically deny the allegations therein.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. Defendants lack sufficient knowledge as to the truth of the matters set forth in the first sentence of Paragraph 26 of the Complaint, and thus, generally and specifically deny the allegations therein. With respect to the second sentence of paragraph 26 of the Complaint, the Defendants admit that there is a presumption of insolvency for debtors pursuant to section 547(f) of the Bankruptcy Code.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint, and submit that (i) the Plaintiff cannot satisfy all of the elements of section 547(b) of the Bankruptcy Code, and (ii) defenses in section 547(c) of the Bankruptcy Code, or defenses under other relevant law, are applicable and shield the Defendants from preference liability.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## WITH RESPECT TO SECOND CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

30. The allegations contained in Paragraph 30 of the Complaint re-allege the allegations set forth in Paragraphs 1 through 29 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendants repeat and re-allege their responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. Paragraph 31 of the Complaint asserts a conclusions of law to which no factual response is due. Nonetheless, Defendants generally and specifically deny the allegations contained in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint asserts a conclusions of law to which no factual response is due. Nonetheless, Defendants generally and specifically deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

## WITH RESPECT TO THIRD CLAIM FOR RELIEF
### (To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and Cal. Civ. Code § 3439, *et seq*.)

34. The allegations contained in Paragraph 34 of the Complaint re-allege the allegations set forth in Paragraphs 1 through 33 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendants

repeat and re-allege their responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. Defendants lack sufficient knowledge as to the truth of the matters set forth in Paragraph 35 of the Complaint, and thus, generally and specifically deny the allegations therein.

36. Paragraph 36 of the Complaint asserts a conclusions of law to which no factual response is due. Nonetheless, Defendants generally and specifically deny the allegations contained in Paragraph 36 of the Complaint.

### WITH RESPECT TO FOURTH CLAIM FOR RELIEF
**(Recovery of Property – 11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439, *et seq*.)**

37. The allegations contained in Paragraph 37 of the Complaint re-allege the allegations set forth in Paragraphs 1 through 36 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendants repeat and re-allege their responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38. Paragraph 38 of the Complaint asserts a conclusions of law to which no factual response is due. Nonetheless, Defendants generally and specifically deny the allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint asserts a conclusions of law to which no factual response is due. Nonetheless, Defendants generally and specifically deny the allegations contained in Paragraph 39 of the Complaint.

## WRITTEN DEMAND FOR JURY TRIAL

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants demand a jury trial on all causes of action (i.e., the First Claim for Relief, the Second Claim for Relief, the Third Claim for Relief, and the Fourth Claim for Relief) set forth in the Complaint pursuant to their Seventh Amendment rights under the United States Constitution.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim – Bankruptcy Rule 7012)

41. The Complaint fails to state a claim against Defendants upon which relief may be granted.

### Second Affirmative Defense
### (Doctrine of Waiver, Estoppel, and Unclean Hands)

42. Plaintiff is precluded from any recovery under the Complaint by virtue of the doctrines of waiver, estoppel, and unclean hands, *in pari delicto*.

### Third Affirmative Defense
### (Defenses in Fed.R.Civ.P. 8(c)(1) and Section 547(c) of the Bankruptcy Code

43. Plaintiff's claims are barred by the affirmative defenses set forth in Federal Rules of Civil Procedure 8(c)(1) (which include: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppels; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver) and the applicable Bankruptcy Rule, and all defenses set forth in Section 547(c) of the Bankruptcy Code.

**Fourth Affirmative Defense**
**(Contemporaneous Exchange for New Value**
**Under Section 547(c)(1) of the Bankruptcy Code)**

44.     Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendants constitute contemporaneous new value, and are excepted from avoidance under Bankruptcy Code section 547(c)(1).

**Fifth Affirmative Defense**
**(Ordinary Course of Business Under**
**Section 547(c)(2)(A) of the Bankruptcy Code)**

45.     Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendants were in the ordinary course of business under Bankruptcy Code section 547(c)(2)(A), and therefore are excepted from avoidance.

**Sixth Affirmative Defense**
**(Ordinary Course of Business Under**
**Section 547(c)(2)(B) of the Bankruptcy Code)**

46.     Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendants were in the ordinary course of business under Bankruptcy Code section 547(c)(2)(B), and therefore are excepted from avoidance.

**Seventh Affirmative Defense**
**(New Value Under Section 547(c)(4) of the Bankruptcy Code)**

47.     Plaintiff is barred from recovery under the Complaint by virtue of the new value defense set forth in Bankruptcy Code section 547(c)(4).

### Eighth Affirmative Defense
### (Defensive Setoff and/or Recoupment)

48. Defendants asserts that, to the extent that the alleged Ninety Day Transfers and Four Year Transfers were preferential within the context of section 547(b) of the Bankruptcy Code, or fraudulent transfers under section 544(b) and 548(a)(1)(A) and Cal. Civ. Code § 3439, *et seq.*, such alleged avoidable transfers are entitled to be offset pursuant to section 553 of the Bankruptcy Code, and applicable state laws, and/or pursuant to the doctrine of defensive recoupment under applicable Federal and state law.

### Ninth Affirmative Defense
### (The Debtors Were Conduits for the Transferred Funds)

49. The Debtors were conduits for the transferred funds at issue in the Complaint. Accordingly, the Defendants are not liable for any such transfers as preferences or fraudulent transfers.

### Tenth Affirmative Defense
### (No Property of the Debtors' Estates Was Transferred to the Defendants)

50. The funds used to pay Defendants were from third parties, not the Debtors. Accordingly, the Plaintiff cannot satisfy his burden under section 547(b) of proving that there was a transfer of an interest of the Debtors in property.

### Eleventh Affirmative Defense
### (The funds used to pay Defendants were specifically earmarked for such purpose.)

51. The funds used to pay Defendants were earmarked for such purpose.

**Twelfth Affirmative Defense**
**(Defendants Did Not Receive More Than They Would Have**
**Received Under a Chapter 7 If the Transfers Had Not Been Made)**

52.     Defendants were secured creditors of the Debtors, and therefore did not receive more on account of receiving the Ninety Day Transfers and the Four Year Transfers than they would have received under chapter 7 of the Bankruptcy Code if the transfers had not been made, and therefore the Plaintiff cannot satisfy his burden under section 547(b)(5) of the Bankruptcy Code.

**Thirteenth Affirmative Defense**

53.     Upon information and belief, the Defendants were not part of a Ponzi scheme and only engaged in legitimate business transactions with the Debtors.

**Fourteenth Affirmative Defense**

54.     Upon information and belief, at the time the Ninety Day Transfers and the Four Year Transfers were made by Debtor to the Defendants, the Debtor was not insolvent.

**Fifteenth Affirmative Defense**

55.     Upon information and belief, the Four Year Transfers made by the Debtor to Defendants did not render the Debtor insolvent.

**Sixteenth Affirmative Defense**

56.     The Four Year Transfers made by the Debtor to the Defendants were for fair consideration.

### Seventeenth Affirmative Defense

57. The Four Year Transfers may not be avoided or recovered because the Defendants acted in good faith and without fraudulent intent, or actual intent to hinder, delay, or defraud present or future creditors.

### Eighteenth Affirmative Defense

58. Any receipt of funds by the Defendants was made without knowledge of the voidability of the transfer.

### Nineteenth Affirmative Defense

59. The Four Year Transfers were received by the Defendants in good faith and for fair value.

### Twentieth Affirmative Defense

60. Plaintiff's claims are barred insofar as they are not pled with the requisite particularity.

### Twenty-First Affirmative Defense

61. Plaintiff's claims are barred by the applicable statute of limitations.

### Twenty-Second Affirmative Defense

62. Upon information and belief, the bankruptcy professionals retained by the Debtors to prepare their cases for filing for chapter 11 relief under the Bankruptcy Code operated the Debtors and approved the Debtors' payments to creditors during the ninety day period prior to the Debtors' bankruptcy filings.

### Twenty-Third Affirmative Defense

63. Plaintiff's claims are barred insofar as they are not pled with the requisite particularity.

### Twenty-Fourth Affirmative Defense

64. Plaintiff's claims are barred by the applicable statute of limitations.

### Twenty-Fifth Affirmative Defense

65. Defendants affirmatively allege all defenses under Cal. Civ. Code § 3439, *et seq.*, and all other applicable California law.

### RESERVATION OF RIGHTS

66. In addition to the foregoing Affirmative Defenses, Defendants allege all legal and equitable defenses which may hereafter be discovered as allowed or outlined by Bankruptcy Rule 7008 and/or Rule 8(c) of the Federal Rules of Civil Procedure, and reserves all rights to amend its Answer to include any affirmative defenses and/or counterclaims as may be discovered.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That the Complaint be dismissed with prejudice in its entirety;

3. For costs of suit and attorney's fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated:  October 4, 2019                    Law Office of Curtis A. Hehn

/s/ Curtis A. Hehn
Curtis A. Hehn (Bar No. 4264)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
Telephone:  (302) 757-3491
Fax:  (302) 295-4801
Email:  curtishehn@comcast.net

*Counsel for Sylvan R. Jutte and Jeannette E. Jutte*